### J. T. MASON AND WIFE *v.* E. B. TOWNE.

An action to compel the specific performance of a verbal contract to sell land, with an alternative prayer for damages, resulting from the breach of the contract, cannot be sustained, even if the contract be proved by competent evidence, unless there has been an actual delivery of the property sold.

APPEAL from the District Court of Madison, *Farrar*, J.

　　*J. J. Ammonet*, for plaintiff and appellant. *Short & Parham*, for defendants.

· SPOFFORD, J. This is a suit to compel the specific performance of an alleged verbal promise to sell a tract of land. In an amended petition the plaintiffs

introduced an alternative prayer for damages resulting from the breach of the contract.

"A promise to sell amounts to a sale, when there exists a reciprocal consent of both parties as to the thing and the price thereof; but, to have its effect, *either between the contracting parties* or with regard to other persons, the promise to sell must be vested with the same formalities as are above prescribed in Articles 2414 and 2415 concerning sales, in all cases where the law directs that the sale be committed to writing." C. C. 2437.

The Article 2415, thus referred to as applicable to the promise to sell as well as to an actual sale, is in these words:

"All sales of immovable property or slaves shall be made by authentic act, or under private signature. All *verbal* sales of any of these things shall be null, as well for third persons as for the contracting parties themselves, and the testimonial proof of it shall not be admitted." C. C. 2415.

There is no exception to this rule embodied in Art. 2255: "Every transfer of immovable property or slaves must be in writing; but if a verbal sale, or other disposition of such property be made, it shall be good against the vendor, as well as against the vendee, who confesses it when interrogated on oath, provided actual delivery has been made of the immovable property or slaves thus sold."

Conceding that this Article also applies to a promise to sell, (upon which it is not necessary to give an opinion,) the plaintiffs must fail in the present action, because they have not alleged or proved an actual delivery of the property sold. Nor have even the allegations of the petition been established by competent evidence. See *Marionneaux* v. *Edwards*, 4 An. 103.

Judgment affirmed.